ORIGINAL

FILED
AUG 28 2008
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>and<br><br>PRINCIPAL FINANCIAL GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CIVIL NO. 08-605 T<br><br>COMPLAINT |

COME NOW the Plaintiffs, Principal Life Insurance Company and Principal Financial Group, Inc., hereinafter sometimes referred to collectively as "Principal," by and through their attorney, and for their complaint against the Defendant, the United States of America, respectfully allege:

## GENERAL ALLEGATIONS

1. This action is founded in part upon the Internal Revenue Code of 1986, Title 26, United States Code (hereinafter referred to as the "Internal Revenue Code").[1] It is brought by Principal upon claims for refund for the

[1] All statutory references herein are, unless otherwise indicated, to the Internal Revenue Code.

recovery of federal income taxes, interest, and penalties erroneously and improperly assessed and collected by the Defendant in contravention of various provisions of the Internal Revenue Code referred to herein. The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1491(a)(1).

2. Principal Financial Group, Inc. ("Principal Financial") (Identification Number 42-1520346) is a corporation organized and existing under the laws of the State of Delaware, with its principal office located in Des Moines, Iowa. Its common stock is publicly traded. Principal Financial is the common parent of an affiliated group of corporations within the meaning of Treasury Regulation Section 1.1502-77(a)(1)(i).

3. Principal Life Insurance Company ("Principal Life") (Identification Number 42-0127290) is an Iowa insurance corporation with principal offices in Des Moines, Iowa. Principal Life is a wholly-owned second-tier subsidiary of Principal Financial and one of the members of Principal Financial's affiliated group of corporations. Principal Life is engaged, and at all times relevant to this action was engaged, in the business of writing various forms of individual and group life and health insurance and annuities, and investing its assets to meet its obligations under such contracts.

4. Principal Financial and Principal Life are and were at all times relevant to this action calendar year taxpayers.

5. The Defendant is the United States of America.

6. No action on the portions of the claims for refund referred to herein has been taken by Congress or any agency of the United States. No other suit or process by Principal is pending on such matters in any other court except as follows:

(a) there are presently pending before this Court in the consolidated case, No. 07-006T, involving the taxable years 1995-2001, Principal's claims for refund for the years 1997-2000 resulting from the carrybacks from the taxable year 2002 which are referred to in Count I hereof; and

(b) there is presently pending before the United States District Court for the Southern District of Iowa, in No. 4:08-cv-00082, a TEFRA suit under Section 6226(a)(2) contesting a Notice of Final Partnership Administrative Adjustment issued by the Internal Revenue Service with respect to the partnership known as Pritired 1 LLC ("Pritired") for the taxable years 2002-2003, and further contesting the failure and refusal of the Internal Revenue Service to allow the Administrative Adjustment Request filed by Principal under Section 6228 relating to the tax paid by it

with respect to Pritired, but while certain of the deficiency assessments, payments of taxes and interest, and Amended Returns/Claims for Refund referred to herein included amounts relating to Pritired, no claim regarding the Pritired matter is made in this Complaint in accordance with Section 7433(h).

7. Principal is the sole owner of the claims for refund referred to herein and has neither made nor received any assignment thereof.

8. More than six months have elapsed since the filing of the claims for refund referred to herein and no certified or registered notice of disallowance regarding any of such claims for refund has been received by Principal from the Internal Revenue Service.

**COUNT I**

**Tax Year: 2002**

9. Plaintiff repleads and incorporates by reference Paragraphs 1 through 8, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

10. For the taxable year 2002, Principal Financial was the common parent, within the meaning of Treasury Regulation Section 1.1502-77(a), of the affiliated group of corporations of which Principal Life was a member. On or

about September 15, 2003, within the extended time allowed, Principal Financial filed the consolidated federal income tax return for the affiliated group for the taxable year 2002 with the Internal Revenue Service Center at Ogden, Utah 84201-0012. The name, address, and identification number appearing on said return were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-1520346

11. The affiliated group's 2002 income tax return showed a consolidated net operating loss of $120,636,230 which as permitted by law was carried back to 1997, and a short-term capital loss of $103,654,727 and long-term capital loss of $266,035,254, both of which were as permitted by law carried back to 1999 and 2000.

12. On December 29, 2004, the Internal Revenue Service issued to Principal a statutory notice of deficiency with respect to the taxable years 1996 through 2000. In such statutory notice of deficiency, the Internal Revenue Service determined that Principal had not established its net operating loss for 2002 and therefore none of such net operating loss for 2002 was allowed to be carried back

and offset against Principal's income for any of the taxable years 1996 through 2000.

13. On or about April 17, 2006, the Internal Revenue Service issued to Principal Form 4549-A, Income Tax Examination Changes, claiming that Principal was liable for federal income taxes for 2002 in the amount of $13,582,683, plus a penalty for negligence and/or substantial understatement in the amount of $556,877.

14. Prior to 2001, the common parent of the affiliated group of which Principal Life was then and today remains a member was Principal Mutual Holding Company, Identification Number 42-1476365. Principal Mutual Holding Company was subsequently merged into a wholly-owned subsidiary of Principal Financial. As of August 8, 2007, there was standing to the credit of Principal Mutual Holding Company in its tax account with the Internal Revenue Service an amount not less than $59,910,414.95. On August 9, 2007, the Internal Revenue Service transferred $14,689,228.76 from the tax account of Principal Mutual Holding Company to the tax account of Principal and applied such sum in payment of the 2002 federal income taxes and penalty referred in the preceding paragraph, plus interest on such alleged deficiency in the amount of $544,352.28.

15. On or about November 19, 2007, the Internal Revenue Service issued to Principal a second Form 4549-A, Income Tax Examination Changes, claiming that Principal was liable for additional federal income taxes for 2002 in the amount of $265,780.00. On November 27, 2007, Principal remitted to the Internal Revenue Service the amount of $265,780.00 in payment of the additional tax for 2002 referred to in the preceding sentence claimed by the Internal Revenue Service to be due. On January 11, 2008, Principal remitted to the Internal Revenue Service the additional amount of $87,370.91 as interest on such alleged deficiency.

16. On or about February 12, 2008, Principal Financial filed with the Internal Revenue Service at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund seeking refund of federal income taxes and penalty paid for 2002 in the amount of $10,004,543, plus deficiency interest and statutory interest allowable by law. The name, address, and identification number appearing on such 2002 Amended Return/Claim for Refund were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, IA 50392-0350
Identification Number 42-1520346

The facts and grounds on which this Count I is brought were incorporated within such Amended Return/Claim for Refund for 2002. Copies of the relevant portions of such Amended Return/Claim for Refund for 2002, including those schedules and narratives relevant to this action, are filed herewith as a part of Appendix I.

17. More than six months have elapsed since the filing of Principal's Amended Return/Claim for Refund for 2002. Such 2002 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion thereof.

18. The failure and refusal of the Internal Revenue Service to allow Principal's Amended Return/Claim for Refund for 2002 and its failure to allow carryback of Principal's net operating losses and capital lossess from 2002 as permitted by law were wrongful, erroneous, and illegal as a result of the following errors of the Internal Revenue Service:

(a) Failure and refusal to allow amortization over an 8-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or, in the alternative, to allow such amortization over a 15-year period.

(b) Failure and refusal to exclude from Principal's 2002 income guaranty fund assessments in the amount of $3,772,411.

(c) Determination that Principal's income for 2002 must include $11,099,533 for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Plaintiff pursuant to custodial share agreements with regulated investment companies.

(d) Determination that Principal must include in its income for 2002 $13,921,928 received by it as a distribution with respect to its investment in the entity known as Whistling Pines, LLC.

(e) Failure and refusal to allow amortization over applicable periods ranging from 16 to 19 years (depending upon the security) of Principal's basis in certain perpetual securities following its disallowance of capital losses in 2000 and 2001 from Principal's sale of the stripped portion of such securities.

(f) Failure and refusal to allow a bad debt deduction of $914,068 with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia, owned by Sun Laboratories, Inc., which, if it did not become worthless in 1999, 2000, or 2001, became worthless in 2002.

(g) Failure and refusal to allow a capital loss of $222,558,360 as a result of Principal's transfer of certain depreciated securities to an entity known as Wind River Corporation.

(h) Failure and refusal to allow a capital loss of $61,811,454 as a result of Principal's sale of the Class A preferred stock of an entity known as Principal Investors Corporation to Deutsche Bank A.G.

(i) Failure and refusal to refund the accuracy-related penalty under Section 6662(a) paid by Principal in the amount of $556,877 for alleged negligence and substantial understatement claimed in connection with distributions received from Whistling Pines, LLC.

19. By virtue of the failure and refusal of the Internal Revenue Service to allow Principal's Amended Return/Claim for Refund for 2002 based on the facts and grounds set forth in paragraph 18 above, Principal has overpaid its federal income taxes and penalty for the taxable year 2002 in the amounts of $9,447,666 and $556,877, respectively, which amounts together with deficiency interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to Principal by the Defendant.

**COUNT II**

**Tax Year: 2003**

20. Plaintiff repleads and incorporates by reference Paragraphs 1 through 8, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

21. For the taxable year 2003, Principal Financial was the common parent, within the meaning of Treasury Regulation Section 1.1502-77(a), of the affiliated group of corporations of which Principal Life was a member. On March 18, 2004, within the extended time allowed, Principal Financial filed the consolidated federal income tax return for the affiliated group for the taxable year 2003 with the Internal Revenue Service Center at Ogden, Utah 84201-0012. The name, address, and identification number appearing on said return were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, Iowa 50392-0350
Identification Number: 42-1520346

22. The affiliated group's 2003 income tax return filed March 18, 2004, showed consolidated federal income tax liability for that year of $116,680,745. Principal made payments by electronic transfer to the Internal Revenue Service

within the time periods prescribed by law, fully satisfying the amount of income tax liability shown on said return. On or about March 23, 2004, Principal filed Form 1139, Corporation Application for Tentative Refund, carrying back capital losses from 2003 to 2000. A superceding return showing the same name, address, and identification number and a tax liability for 2003 of $125,412,742 was filed by Principal on September 15, 2004, and on the same date Principal remitted to the Internal Revenue Service additional income tax for 2003 in the amount of $8,669,331. Such superceding return was processed by the Internal Revenue Service as a duplicate return.

23. On or about April 17, 2006, the Internal Revenue Service issued to Principal Form 4549-A, Income Tax Examination Changes, claiming that Principal was liable for additional federal income taxes for 2003 in the amount of $51,935,407, plus a penalty for negligence and/or substantial understatement in the amount of $247,247.

24. On August 9, 2007, the Internal Revenue Service transferred $43,313,789.41 from the tax account of Principal Mutual Holding Company to the tax account of Principal. On October 1, 2007, the Internal Revenue Service transferred $1,907,396.78 from the tax account of Principal Mutual Holding Company to the tax account of Principal. The sums so transferred, in the total

amount of $45,221,186.19, were, together with the $8,669,331 paid by Principal as referred to in paragraph 22 above, applied by the Internal Revenue Service in payment of the additional federal income taxes and penalty for 2003 referred to in the preceding paragraph claimed by the Internal Revenue Service to be due, plus interest on such alleged deficiency in the amount of $1,707,863.19.

25. On or about November 19, 2007, the Internal Revenue Service issued to Principal a second Form 4549-A, Income Tax Examination Changes, claiming that Principal was liable for additional federal income taxes for 2003 in the amount of $3,543,589. On November 27, 2007, Principal remitted to the Internal Revenue Service the amount of $3,543,589 in payment of the additional tax for 2003 referred to in the preceding sentence claimed by the Internal Revenue Service to be due. On January 8, 2008, Principal remitted to the Internal Revenue Service the amount of $983,968.42 as interest on such alleged deficiency.

26. On or about February 12, 2008, Principal Financial filed with the Internal Revenue Service at Ogden, Utah 84201-0012, a timely Amended Return/Claim for Refund seeking refund of federal income taxes and penalty paid for 2003 in the amount of $11,943,246, plus deficiency interest and statutory interest allowable by law. The name, address, and identification number appearing on such Amended Return/Claim for Refund for 2003 were as follows:

Principal Financial Group, Inc.
711 High Street
Des Moines, IA 50392-0350
Identification Number 42-1520346

The facts and grounds on which this Count II is brought were incorporated within such Amended Return/Claim for Refund for 2003. Copies of the relevant portions of such 2003 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, are filed herewith as a part of Appendix I.

27. More than six months have elapsed since the filing of Principal's Amended Return/Claim for Refund for 2003. Such 2003 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion thereof.

28. The failure and refusal of the Internal Revenue Service to allow Principal's 2003 Amended Return/Claim for Refund and its failure to allow carryback of Principal's 2003 losses as permitted by law were wrongful, erroneous, and illegal as a result of the following errors of the Internal Revenue Service:

(a) Failure and refusal to allow amortization over an 8-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory

contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or, in the alternative, to allow such amortization over a 15-year period.

(b) Failure and refusal to exclude from Principal's 2003 income guaranty fund assessments in the amount of $3,938,182, and failure to allow a current deduction in 2003 in the amount of $1,012,454 for guaranty fund assessments paid in that year in accordance with Principal's change of accounting method pursuant to Treasury Regulation Section 1.263(a)-4.

(c) Determination that Principal's income for 2003 must include $11,863,167 for accrual of accretion in value with respect to Principal's interests in certain custodial share receipts received by Plaintiff pursuant to custodial share agreements with regulated investment companies.

(d) Determination that Principal must include in its income for 2003 $11,487,493 received by it as a distribution with respect to its investment in the entity known as Whistling Pines, LLC.

(e) Failure and refusal to allow amortization over applicable periods ranging from 16 to 19 years (depending upon the security) of Principal's basis in certain perpetual securities.

(f) Failure and refusal to allow a bad debt deduction of $914,068 with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia, owned by Sun Laboratories, Inc., which, if it did not become worthless in 1999, 2000, 2001, or 2002, became worthless in 2003.

(g) Failure and refusal to allow a bad debt deduction of $6,000,000 with respect to a 1997 loan made by Principal to Connecticut General Life Insurance Company secured by a mortgage on a 264-unit apartment complex in Dallas, Texas, which became partially worthless in 2003.

(h) Failure and refusal to allow a bad deduction of $7,000,000 with respect to a 1981 loan made by Principal to Pittbalt, Inc., secured by a mortgage on an office building in Corpus Christi, Texas, which became partially worthless in 2003.

(i) Failure and refusal to allow Principal's capital loss of $61,811,454 as a result of redemption in 2003 of the Class A preferred stock of Principal Investors Corporation deemed by the Internal Revenue Service to have been owned by Principal at the time of such redemption, or, in the alternative, the Internal Revenue Service's erroneous inclusion in Principal's capital gain for 2003 of $5,070,938 claimed by the Internal

Revenue Service to represent a dividend in excess of Principal's basis in the stock of Principal Investors Corporation.

(j) Failure and refusal to refund the accuracy-related penalty under Section 6662(a) paid by Principal in the amount of $247,247 for alleged negligence and substantial understatement claimed in connection with distributions received from Whistling Pines, LLC.

29. By virtue of the failure and refusal of the Internal Revenue Service to allow Principal's Amended Return/Claim for Refund for 2003 based on the facts and grounds set forth in paragraph 28 above, Principal has overpaid its federal income taxes and penalty for the taxable year 2003 in the amounts of $11,695,999 and $247,247, respectively, which amounts together with deficiency interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d) of the Internal Revenue Code), are now due and owing to Principal by the Defendant.

WHEREFORE, Principal demands judgment against Defendant as follows:

(1) On Count I of this Complaint, for federal income taxes overpaid in the amount of $9,447,666, deficiency interest paid with respect thereto, and penalty overpayment in the amount of $556,877, plus

overpayment interest thereon as provided by law (including interest calculated under Section 6621(d));

(2) On Count II of this Complaint, for federal income taxes overpaid in the amount of $11,695,999, deficiency interest paid with respect thereto, and penalty overpayment in the amount of $247,247, plus overpayment interest thereon as provided by law (including interest calculated under Section 6621(d)); and

(3) For the costs of this proceeding which are allowable, and for such other relief as the Court may decree.

Dated: 8-27-08

Bruce Graves

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFFS,
PRINCIPAL LIFE INSURANCE
COMPANY and
PRINCIPAL FINANCIAL GROUP, INC.

OF COUNSEL:
William C. Brown, Esq.
John D. Schmidt, Esq.